IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jozef Wawrzonek, | ) | |
| | ) | |
| Plaintiff | ) | Case No. |
| vs. | ) | |
| | ) | Judge |
| Delightful Pastries, Inc., | ) | |
| Dobroslawa Bielinski, and Radoslaw | ) | Magistrate Judge |
| Hawryszczyk, | ) | |
| | ) | JURY DEMAND |
| Defendants | ) | |

## COMPLAINT

Jozef Wawrzonek ("Wawrzonek" or "Plaintiff"), by and through his attorneys, Mario E. Utreras, Utreras Law Offices, Inc., and Kent D. Sinson, Sinson Law Group, states the following as the basis for his Complaint against Delightful Pastries, Inc. ("Delightful"), Dobroslawa Bielinski ("Bielinski"), and Radoslaw Hawryszczyk ("Hawryszczyk") (collectively "Defendants"):

**I.     INTRODUCTION**

1.     This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to Plaintiff.  Plaintiff routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay him time-and-one-half overtime compensation for the hours he worked in excess of 40 as the FLSA requires.  In Count I, Plaintiff brings a claim pursuant to Section 216(b) of the FLSA.

2.     Additionally, the Defendants failed and refused to pay Plaintiff at least the minimum wage under both federal and Illinois state law, based on the number of hours he worked and their gross pay to him.

3.      In Counts II and III, Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 11511 *et seq*., and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq.* The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

**II.    THE PARTIES**

4.      Plaintiff resides in River Grove, Cook County, Illinois, and is thus within the Northern District of Illinois.

5.      Delightful Industries, Inc. is a business with locations at 5927 W. Lawrence Ave., 1710 N. Wells St., and 131 N. Clinton Ave., Chicago, Cook County, Illinois, and is thus within the Northern District of Illinois.

6.      Dobroslawa Bielinski is an individual who, upon information and belief, is domiciled in Chicago, Cook County, Illinois, and is thus within the Northern District of Illinois.

7.      Radoslaw Hawryszczyk is an individual who, upon information and belief, is domiciled in Chicago, Cook County, Illinois, and is thus within the Northern District of Illinois.

8.      At all times relevant to this action, Bielinski was a corporate officer and/or held an ownership interest in Delightful.

9.      At all times relevant to this action, Hawryszczyk was a corporate officer and/or held an ownership interest in Delightful.

10.     Upon information and belief, at all times relevant to this action, Bielinski exercised significant control over Delightful's day-to-day operations.

11.     Upon information and belief, at all times relevant to this action, Hawryszczyk exercised significant control over Delightful's day-to-day operations.

12. Upon information and belief, at all times relevant to this action, Bielinski exercised significant control over the payroll and/or human resources policies and procedures of Delightful.

13. Upon information and belief, at all times relevant to this action, Hawryszczyk exercised significant control over the payroll and/or human resources policies and procedures of Delightful.

### III. JURISDICTION AND VENUE

14. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. § 1331.

15. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § l367(a).

16. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

### IV. GENERAL ALLEGATIONS

17. At all times relevant to this action, the Defendants, and each of them, were the Plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the Plaintiff, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

18. At all times relevant to this action, the Defendants were the Plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the Plaintiff, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

19. At all times relevant to this action, the Defendants were the Plaintiff's "employer" within the meaning of 820 ILCS 115/2 of the IWPCA, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

20. At all times relevant to this action, the Defendants operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA (the "Enterprise").

21. At all times relevant to this action, the Enterprise operated as a manufacturer and retailer of baked goods within the Northern District of Illinois.

22. At all times relevant to this action, the Enterprise operated bakery shops at the following locations, which are within the Northern District of Illinois:

   a. 5927 West Lawrence Avenue, Chicago, Illinois;

   b. 1710 North Wells Street, Chicago, Illinois; and

   c. 131 North Clinton Street, Chicago, Illinois.

23. Upon information and belief, employees were routinely traded or utilized between the various establishments identified above, indicating common control of said establishments by the Enterprise.

24. At all times relevant to this action, Plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

25. At all times relevant to this action, Plaintiff was an "employee" of the Defendants within the meaning of Section 3(d) of the IMWL.

26. At all times relevant to this action, Plaintiff was an "employee" of the Defendants within the meaning of 820 ILCS 115/2 of the IWPCA.

4

27.     During the course of his employment by the Defendants, Plaintiff handled goods that moved in interstate commerce including baking ingredients, cleaning agents, and commercial machinery.

28.     During the course of his employment by the Defendants, Plaintiff was not exempt from the overtime wage and minimum wage provisions of the FLSA.

29.     Plaintiff was employed by the Defendants as a General Laborer from 2009 through the present, and worked a schedule of Monday through Saturday, from 6:00 a.m. through 2:00 p.m., at Defendants' 5927 West Lawrence Avenue, Chicago facility from August 2013 through the present.  From 2009 when he started at Defendants to July 2013, Plaintiff worked a schedule of Monday through Saturday, from 6:00 a.m. through 3:00 p.m.

30.     Plaintiff did not work for any other employers.

31.     Plaintiff's work consisted of working on the machine that makes bismarcks, cleaning floors, barrels, and general maintenance and labor duties.

32.     At the time of his hire, Defendant Bielinski informed Plaintiff she would pay him $11.25 per hour for his labor, and Plaintiff accepted the job on that condition and representation.

33.     Plaintiff worked for Defendants nine (9) hours per day, six (6) days a week, with only Sundays off, from when he started in 2009 through July 2013.  From August 2013 through the present, Plaintiff worked for Defendants eight (8) hours per day, six (6) days a week, with Sundays off.

34.     The Defendants paid Plaintiff via payroll check, but only for 40 hours per week or less, rather than the 54 hours per week he worked weekly through July 2013, 14 hours of which should have been paid at the time and a half (1.5x) hourly rate every week.  From August 2013 through the present, Defendants continued to pay Plaintiff via payroll check, but only for 40

hours per week or less, rather than the 48 hours per week he worked weekly from August 2013 to the present, eight (8) hours of which should have been paid at the time and a half (1.5x) hourly rate every week

35. The Defendants did not have Plaintiff clock in or out during his shift, maintain a time sheet, or otherwise keep a record of Plaintiff's work time, so that an accurate record of the numbers of hours he worked (which must be listed on payroll check stubs under the FLSA and relevant CFRs) , and an accurate record of his rate/s of pay (which must also be listed on payroll check stubs under the FLSA and relevant CFRs) would be difficult to ascertain after the fact.

36. The Defendants routinely and as a matter of practice and policy required Plaintiff to work more than 40 hours per week, but then failed and refused to pay him overtime compensation, or for any hours worked over 40.

37. The Defendants routinely and as a matter of practice and policy required Plaintiff to work more than 40 hours per week, but then failed and refused to pay him overtime compensation at the requisite statutory rates.

38. In general, between 2009 and July 2013, Plaintiff worked about nine (9) hours per day, six (6) days per week, Monday through Saturday, for an average of 54 hours per week.

39. In general, between August 2013 and the present, Plaintiff worked about eight (8) hours per day, six (6) days per week, Monday through Saturday, for an average of 48 hours per week.

40. Plaintiff was not a tipped employee.

41. During Plaintiff's employment, specifically from February 2012 through the present, the Illinois minimum wage rate was $8.25 per hour.

42. The Defendants violated the FLSA *ipso facto* in that, under the IMWL, the Defendants should not have paid Plaintiff less than $8.25 per hour; and, through July 2013, Plaintiff worked

about 54 hours per week and was paid no more than $450.00 per week, which means that Plaintiff could not have been paid more than the "straight" rate of $8.25 per hour for the approximately 14 overtime hours that he worked each week during his employment by Defendants.

43. In many weeks, despite working 54 hours per week, through and including July 2013, the Defendants paid Plaintiff less than $445.50 per week, and therefore paid him less than the minimum wage, in violation of the IMWL.

44. The Defendants also violated the FLSA in that, under the IMWL, the Defendants should not have paid Plaintiff less than $8.25 per hour; and, between August 2013 and the present, Plaintiff worked about 48 hours per week and was paid no more than $420.00 per week, which means that Plaintiff could not have been paid more than the "straight" rate of $8.25 per hour for the approximately 8 overtime hours that he worked each week during his employment by Defendants.

45. In many weeks, despite working 48 hours per week, through and including July 2013, the Defendants paid Plaintiff less than $396.00 per week, and therefore paid him less than the minimum wage, in violation of the IMWL.

46. The Defendants routinely and as a matter of practice and policy failed and refused to pay Plaintiff wages at a rate equal to or greater than the applicable minimum wage

### COUNT I
### (Violation of the FLSA)

47. The Plaintiff hereby re-alleges the foregoing allegations in paragraphs 1 through 46.

48. The Defendants violated the FLSA by:

    a.    failing to pay the Plaintiff for certain overtime hours (in excess of 40 hours in a given workweek) at a rate equal to or greater than one and one-half times the regular rate at which he was employed, and which regular rate should have been at least the statutory IMWL's minimum wage;

    b.    failing to pay Plaintiff at least the minimum wage per hour;

    c.    failing to accurately record the respective number of hours Plaintiff worked each week; and

    d.    failing to provide Plaintiff with pay stubs that accurately listed the respective number of hours he worked each week.

49.    The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

50.    The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

    WHEREFORE Plaintiff prays for judgment in his favor and against the Defendants, and for the following relief:

    A.    damages in an amount equal to the unpaid compensation due and owing to the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, and at the rate equal to or great than one and one-half times the regular rate at which the Plaintiff was employed, which was $11.25/hour;

    B.    alternatively, damages in an amount equal to the unpaid compensation due and owing to the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, and at the rate equal to or great than one and one-half times the minimum wage;

  C. statutory liquidated damages as allowed by the FLSA, in an amount equal to the amount of any award for unpaid wages;

  D. interest on all amounts awarded;

  E. attorneys' fees, together with costs of suit and collection;

  F. such further relief as this Court may deem fair and just.

## COUNT II
### (Violation of the IMWL)

51. Plaintiff hereby re-alleges the foregoing allegations in paragraphs 1 through 50.

52. The Defendants violated the IMWL by:

  a. failing to pay Plaintiff for certain overtime hours (in excess of 40 hours in a given workweek) at a rate equal to or greater than one and one-half times the regular rate at which he was employed, and which regular rate should have been at least the Illinois minimum wage then in effect.

  b. failing to pay the Plaintiff at least the minimum wage per hour in Illinois;

  c. failing to accurately record the respective number of hours Plaintiff worked each week; and

  d. failing to provide Plaintiff with pay stubs that accurately listed the respective number of hours he worked each week.

53. The Defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

54. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE Plaintiff prays for judgment in her favor and against the Defendants, and for the following relief:

A.    damages in an amount equal to the unpaid overtime compensation due and owing to Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, but for which the Defendants failed to pay Plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiff was employed (which in no case should be less than one and one-half times the IMWL's mandatory minimum rate);

B.    damages in an amount equal to the unpaid minimum wages due and owing to Plaintiff for each hour Plaintiff worked, but for which the Defendants failed to pay Plaintiff at a rate equal to or greater than the mandatory minimum rate under the IMWL;

C.    statutory punitive damages as allowed by the IMWL;

D.    interest on all amounts awarded;

E.    attorneys' fees, together with costs of suit and collection; and

F.    such further relief as this Court may deem fair and just.

## COUNT III
### (IWPCA and AFW AA claims)

55.    Plaintiff hereby re-alleges the foregoing allegations in paragraph 1 through 54.

56.    The Defendants violated the IWPCA by:

    a.    failing to pay Plaintiff for all overtime hours (in excess of 40 hours in a given workweek) hours at a rate equal to or greater than one and one-half times the regular hourly rate at which the Plaintiff was employed (but which in no case should be less than one and one-half times the IMWL's mandatory minimum rate);

    b.    failing to pay Plaintiff at least the minimum wage per hour in Illinois;

  c. failing to pay Plaintiff certain wages either weekly or bimonthly;

  d. failing to pay Plaintiff certain wages within either seven (7) days of the close of each relevant workweek, or within 13 days of the close of each relevant bimonthly pay-period; and

  e. failing to pay Plaintiff certain wages altogether.

WHEREFORE Plaintiff prays for judgment in his favor and against the Defendants, and for the following relief:

  A. damages in an amount equal to the unpaid wages (including but not limited to overtime compensation) due and owing to Plaintiff for each hour Plaintiff worked but for which the Defendants failed to pay Plaintiff at a rate equal to the regular rate at which Plaintiff was employed (which should have been no less than the applicable Illinois minimum wage under the IMWL, and one-and-one-half times Plaintiff's $11.25/hourly rate for all hours over 40 that Plaintiff worked per week, or alternatively, the Illinois minimum wage rate);

  B. damages for all unpaid wages promised to Plaintiff but unpaid for each hour Plaintiff worked but for which the Defendants failed to pay Plaintiff;

  C. statutory interest on all amounts awarded;

  D. reasonable attorneys' fees as allowed by the IWPCA and the AFWAA, together with costs of suit and collection; and

  E. such further relief as this Court may deem fair and just.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues set forth herein that are capable of being tried by a jury.

                           Respectfully submitted,

                           JOZEF WAWRZONEK

                           By:    /s/ Mario E. Utreras
                                   Plaintiff's Attorney

UTRERAS LAW OFFICES, INC.
205 W. Wacker Dr., Suite 1600
Chicago, IL 60606
312-263-5580 / 888-263-6148 fax
mutreras@utreraslaw.com
Atty. No.: 6230426

                           By:    /s/ Kent D. Sinson
                                     Plaintiff's Attorney

SINSON LAW GROUP
205 W. Wacker Dr., Suite 1600
Chicago, IL 60606
312-332-2107 / 312-332-4508 fax
kent@sinsonlawgroup.com
Atty. No.: 6196953